UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JASON D. TIDWELL** | : | **CIVIL ACTION NO. 2:11-CV-1296** |
| **FED. REG. NO. 11476-035** | : | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Petitioner Jason Tidwell filed this application for a writ of habeas corpus on July 1, 2011. He is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (FCIO).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

*Background*

Petitioner was indicted on September 1, 2000, on several counts of drug-related violations. He entered a guilty plea to count one of the indictment on October 29, 2002, and the court sentenced him on January 28, 2003 to a three month term of imprisonment with four years of supervised release.

While on supervised release, petitioner was arrested on August 21, 2005, and charged with new drug-related violations. Consequently, the court revoked petitioner's supervised release and on September 20, 2005, he was ordered to serve thirty-six months in Federal Bureau of Prisons ("BOP") custody for violating the conditions of his supervised release.

On December 14, 2006, petitioner was sentenced to one hundred and twenty months incarceration for the second drug-related arrest that had triggered the revocation of his supervised release. *USA v. Ortiz, et al.*, 2:05-cr-20200 (W.D. La.). The judgment specified that the term was to run concurrently with the thirty-six month sentence that petitioner was already serving. Petitioner was remanded to the custody of the United States Marshal Service with credit for time served. Doc. 145.

Petitioner filed this application on July 1, 2011. He complains that "the BOP has taken it upon itself to 'aggregate' a 'concurrent' sentence imposed by this court." Doc. 4, p. 5. Petitioner makes clear that he is not arguing that the sentence imposed was illegal, improper or without merit. Doc. 1, p. 2. Rather, he claims that the total term of his imprisonment should be one hundred and twenty months, not the one hundred thirty-four months and twenty-four days that the BOP imposed.

Petitioner argues his sentences should have been running concurrently from September 20, 2005 — the time that he began serving his thirty-six month sentence on the supervised release violation — instead of December 14, 2006 — the time when the one hundred and twenty month sentence was imposed. As relief he asks this court to issue a clarification to BOP in regard to the court's sentence and to have the BOP remove the additional fourteen months and twenty-four days from the time that he has to serve. Doc. 1, p. 4.

On January 3, 2012, this court filed a memorandum order directing petitioner to submit evidence of exhaustion of administrative remedies provided by the Bureau of Prisons. Doc. 7. Petitioner complied with this request on January 3, 2012. Doc. 8.

*Law and Analysis*

Petitioner may challenge the manner in which a sentence is executed by way of a writ of habeas corpus. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). Nevertheless, petitioner is not entitled to *habeas corpus* relief unless he can demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. § 3585. *U.S. v. Wilson*, 503 U.S. 329, 332 (1992). That statute provides, in pertinent part, the following:

> Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
>     (1)    as a result of the offense for which the sentence was imposed; or
>
>     (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u>

18 U.S.C. §3585(b) (emphasis added).

Under the plain language of 18 U.S.C. § 3585 petitioner cannot obtain credit against one sentence for the time he served on another sentence when he is already receiving that benefit with respect to the first sentence. The judgment in petitioner's 2005 conviction makes it clear that he was serving another sentence at the time of his sentencing hearing for the firearm possession. Thus the length of time he spent incarcerated prior to his second sentencing was in fulfillment of his original sentence.

As stated in the third step administrative remedy response, "Title 18 U.S.C. § 3585(b) precludes the application of prior custody credit for all of the time you are requesting, as this time was applied to the service of the 36 month term of confinement for Violation of Supervised Release." Doc. 8, p. 13. The response also explains the computation by stating the following:

> Your sentence computation was completed by aggregating the 36 month federal sentence . . . with the 120 month sentence imposed on December 14, 2006 . . . . This was done by commencing the 120 month term on the date it was imposed, while the original 36 month sentence continued to be served. This created a combined total term of 11 years, 2 months, and 24 days. Prior custody credit was applied from the date you were arrested on August 11, 2005, until the day prior to the day your 36 month federal sentence was imposed, September 19, 2005, for a total of 40 days.

Doc. 8, p. 12. Further, the second step administrative remedy response offers the following additional details regarding the computation:

> Program Statement 5880.28 states, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." Your first sentence was imposed and commenced on September 20, 2005, the date of imposition. You served only this sentence until December 14, 2006, when your second sentence was imposed. Upon imposition of your second sentence, your two terms were aggregated to form a single aggregate sentence.

Doc. 8, pp. 8-9. BOP's calculation of the petitioner's sentence comports with the terms of 18 U.S.C. § 3585(b) and he has not shown that he is in custody in violation of the Constitution and laws of the United States.

Petitioner directs the court to Section 5G1.3 of the United States Sentencing Guidelines in support his argument. Doc. 1, p. 3. Subsection (B) provides for an "adjustment" of an offender's sentence when the offender is already serving an undischarged term of imprisonment that "will not be credited to the federal sentence by the Bureau of Prisons." This provision does not entitled petitioner to relief.

Petitioner pled guilty to one count of conspiracy with intent to distribute methamphetamine of quantities in excess of fifty grams and the trial court sentenced him to ten years.  *See* 2:05-cr-20200 (W.D. La.); ECF Doc. 97, Att. 2; Doc. 145.  Ten years was the mandatory minimum the trial court could have imposed for the offense.  21 U.S.C. § 841(b)(1)(A)(viii).  The United States Supreme Court in *Dorsey v. U.S.*, 132 S.Ct. 2321, 2327 (2012), held that "sentencing statutes . . . trump[] the Guidelines."  Regardless of "what the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum term set forth in a statutory mandatory minimum."  *Id.*   To this extent, petitioner's sentence could not have been reduced by Section 5G1.3 of the Sentencing Guidelines.

Therefore, **IT IS RECOMMENDED** that petitioner's application for a writ of habeas corpus be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 28th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE